WEIMER, J.,
additionally concurring.
hi write to emphasize that this case illustrates the infinitely delicate and difficult balance that the citizens and legislá- *315 ture have confected between providing levee protection and recognizing private landowner rights.
The levee system in the southern portion of Lafourche Parish exists for storm protection and to limit salt water intrusion from the Gulf of Mexico.[1] South Lafourche and the surrounding areas are at the epicenter of some of the most significant losses of land in the world. As the people of South Lafourche long ago recognized, much of their land was disappearing at an alarming rate and waters from the gulf were increasingly intruding on the land that remained. Where crops were grown, cattle grazed, and loved ones were buried only a generation or so ago, the land is now covered by water. If nothing was done, their homesteads, businesses, and the ^incredibly unique culture and way of life in South Lafourche would all be lost. The resilient citizens of South Lafourche boldly took steps to tax themselves and construct a levee system to preserve what was precious to them from being lost to the encroaching waters.
The rights of landowners in the southern portion of Lafourche Parish, as in the entire state, are afforded legal protections. The 2006 constitutional and statutory amendments described in the majority opinion are designed to allow the construction and maintenance of levee systems in a way that provides the protection levees afford, while limiting intrusion on landowners’ rights. As the situation here demonstrates, a portion of the landowner’s property is being used for levee maintenance, and although historically it could be argued no compensation was owed for such a project even dating back to the time before Louisiana became a state, under the 2006 statutes, the levee district must now compensate the landowner in the amount of fair market value.
Without such levee projects in the southern part of Lafourche Parish, if the trend of coastal land loss continues, there would eventually be little or no private land to protect.[2] While the public policy of this state is ultimately established by its citizens and legislature, the manner in which the 2006 constitutional and statutory amendments have operated in this case suggests that a balance now exists between the public’s need for levee protection and the protection of landowners’ rights.
Hughes, J., dissents and assigns reasons.
11 Defendant is in the dirt business and owns land from which he digs and sells dirt. The government is entitled to “appropriate” defendant’s land, but must pay him fair compensation mandated by the Constitution. This court affirms an award of $11,869 despite evidence in the record that the dirt taken from the land has a value in excess of $100,000. Even if the most restrictive measure of compensation is applied, this value should be considered in determining the award to defendant. When the government can take private property without paying the landowner, something is wrong.

. According to the levee districts website: "Our Goal is.. .to provide, within our district, the highest possible level of protection from flooding due to high tides, heavy rain falls, tropical storms and hurricanes for the safety and well[-]being of the community of South Lafourche, http://www.slld.org/ (last visited 3/23/17).

. See USGS map: 100+ Years of Land Change for Coastal Louisiana (Sept. 28, 2015) at https://lacoast.gov/new/Pubs/Map_data/ 20031andlossl lX17.pdf.